I respectfully concur with the majority opinion for the following reasons. In reference to the first assignment of error, I reluctantly agree that summary judgment was appropriate in reference to the law firm, concerning appellants' claim for invasion of privacy based upon an intrusion into their private activities. In appellants' argumentation there was a very clear suggestion that the law firm had an alternative motive for maintaining its relationship with the hospital; that suggestion being that the law firm was also exploring the potential for other claims, in which they could then hopefully represent the client. I would have to agree, however, that while that theory of potential underlying motivations is credible, there is nothing in the evidential table which could be construed as reasonably creating the same inference. Thus, with that observation, I concur on this particular aspect of the first assignment.
Next, in respect to the second assignment and the protective order for Melanie Sutton, I disagree with the majority's analysis. Sutton was the disgruntled former employee of the law firm who allegedly released the patient registration forms to the television station. I do not believe that there is any way she can be considered a client or a witness for the law firm. In other words, the record does not indicate or allege a continuing relationship between Sutton and the law firm which would allow the law firm to act as a legal advocate on her behalf by seeking a protective order. To me, it was obvious that the law firm was acting to protect its own interests when it sought to silence her. Accordingly, I can think of no legal basis upon which the trial court could or should have issued such an order, when such order was sought by the law firm.
Again, there is nothing in the motion for protective order which would indicate that the law firm had standing to represent Sutton's interests by obtaining a protective order on her behalf. Allowing such interference in the discovery process, by one who does not represent or claim such a witness as its own, opens Pandora's Box, without having a sound public policy or legal basis for doing so.
JUDITH A. CHRISTLEY, JUDGE.